**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CATHY BUCH, | : | **C.A. No.** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| MARIA ASUNCION ARAMBURUZABALA | : | |
| LARREGUI, BEATRICE BALLINI, JOACHIM | : | |
| CREUS, OLIVIER GOUDET, PETER HARF, | : | |
| JOHANNES P. HUTH, ANNA ADEOLA | : | |
| MAKANJU, SUE NABI, ISABELLE PARIZE, | : | |
| LUBOMIRA ROCHET, ROBERT SINGER, and | : | |
| COTY INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, Cathy Buch, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## JURISDICTION

1. The jurisdiction of this court is founded upon the application of questions of federal law pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

2. The claims herein arise under § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) and Rule 14a-3, 17 C.F.R. § 240.14a-3, Rule 14a-9, 17 C. F. R. § 240.14a-

9, Schedule 14A, 17 C.F.R. §240.14a-101, Regulation S-K, 17 C.F.R. § 229, and

SEC Release 8732A, 2006 WL 2589711 (Sept. 8, 2006) of the United States

Securities and Exchange Commission (the "SEC").

## THE PARTIES

3.      Plaintiff Cathy Buch is a stockholder of Defendant Coty Inc. (Coty),

and she has been such since December 3, 2021, and continuously to date.

4.      Coty is a Delaware corporation with its principal place of business in

the Empire State Building in New York, New York.  It is found in this district, as it

states in its SEC Form 10-K.  Its stock is traded on the New York Stock Exchange

under the symbol COTY.  It is in the business of manufacturing, distributing, and

marketing cosmetics, fragrances, and other beauty products. Its fiscal year ends on

June 30.

5.      Defendants Maria Asuncion Aramburuzabala Larregui, Beatrice

Ballini, Joachim Creus, Olivier Goudet, Peter Harf, Johannes P. Huth, Anna

Adeola Makanju, Sue Nabi, Isabelle Parize, Lubomira Rochet, and Robert Singer

are all members of the Coty board of directors.  Defendant Sue Nabi is also Coty's

chief executive officer.

## PRELIMINARY STATEMENT

6.      Federal law has required the disclosure of publicly held corporate

executive compensation since 1933, and the SEC has applied these disclosure

requirements to corporate proxy statements since 1938.  The SEC has amended

these requirements from time to time since then.  The SEC promulgated the current

regulations governing compensation disclosure in 2006 in the wake of the scandals

concerning Enron, WorldCom, and Tyco.  These regulations, as codified in SEC

Regulation S-K Item 402, 17 C.F.R. § 229.402 (Feb. 27, 2023), require narrative

and tabular disclosures of corporate executive compensation.

      7.     The purpose of the compensation tables is to provide precise

numerical disclosure of every element of compensation.  But the SEC recognizes

that the formatted nature of such disclosures results in too many cases in

disclosures that fail to inform stockholder adequately because of the complexity of

the compensation and the development of forms of compensation that evade

providing clear understanding.  Moreover, as writers have recognized, corporate

management seeks to understate and minimize the compensation of senior officers.

The purpose of the narrative disclosures is to explain the policies and decisions

reflected in the tables.  The principal narrative in proxy statements is the

Compensation Disclosure and Analysis, the CD&A, 17 C.F.R. § 229.402(b).

*Executive Compensation and Related Person Disclosure*, 2006 WL 2589711, *5

(SEC, Sept. 8, 2006).

      8.     It is 17 C.F.R. § 229.402(c) through (v) that governs the tabular

disclosures in proxy statements.  For stock-based compensation, which has now

3

become the predominant method of corporate executive compensation, it requires

disclosure of the number of shares and the value of the stock-based awards as

measured by the accounting mandated by the Financial Accounting Standards

Board ("FASB") in its Accounting Standards Codification ("ASC") Topic 718.  17

C.F.R. § 229.402(c)(2)(v) and (vi) and (d)(2), *inter alia*.  Although the tabular

disclosures report on the compensation of the CEO and other officers for the last

three completed fiscal years, Instruction 2 to the CD&A provides that the CD&A

"should also cover actions regarding executive compensation that were taken after

the … [company's] last fiscal year's end."  Instruction 2 also provides "in some

situations it may be necessary to discuss prior years in order to give context to the

disclosure provided."

9.      The CD&A requires the explanation of all material elements of the

compensation of the Named Executive Officers (the NEOs) defined at 17 C.F.R. §

229.402(a)(3), which includes the chief executive officers, denoted as the principal

executive officer (the CEO), i.e., Defendant Sue Nabi.  It must disclose why the

company chooses to pay each element and how the company determines the

amount (and where applicable the formula) for each element of pay.

10.     Specifically, in this case, the CD&A requires the following material

disclosures:

(a)     For long-term compensation, the basis for allocating
compensation to each different form of award (such as relationship of

4

the award to the achievement of the company's long-term goals, management's exposure to downside equity performance risk, correlation between cost to company and expected benefits to the company);

(b)    What specific items of corporate performance are taken into account in setting compensation policies and making compensation decisions;

(c)    How specific forms of compensation are structured and implemented to reflect these items of the company's performance, including whether discretion can be or has been exercised (either to award compensation absent attainment of the relevant performance goal(s) or to reduce or increase the size of any award or payout), identifying any particular exercise of discretion, and stating whether it applied to one or more specified named executive officers or to all compensation subject to the relevant performance goal(s);

(d)    How specific forms of compensation are structured and implemented to reflect Defendant Nabi's individual performance and/or individual contribution to these items of the company's performance, describing the elements of individual performance and/or contribution that are taken into account;

(e)    The factors considered in decisions to increase or decrease compensation materially; and

(f)    How compensation or amounts realizable from prior compensation are considered in setting other elements of compensation (e.g., how gains from prior option or stock awards are considered in setting retirement benefits).

11.    SEC Reg. S-K, Item 402(e) requires narrative disclosures concerning the tabular disclosures in 402(c), the Summary Compensation Table, and 402(d) the table of Grants of Plan-Based Awards, as follows:

(Item 402(e)) Narrative disclosure to summary compensation table and grants of plan-based awards table.

(a)     Provide a narrative description of any material factors necessary to an understanding of the information disclosed in the tables required by paragraphs (c) and (d) of this Item.  Examples of such factors may include, in given cases, among other things:

(b)     The material terms of each named executive officer's employment agreement or arrangement, whether written or unwritten;

(c)     The material terms of any award reported in response to paragraph (d) of this Item, including a general description of the formula or criteria to be applied in determining he amounts payable, and the vesting schedule.  For example, state where applicable that dividends will be paid on stock, and if so, the applicable dividend rate and whether that rate is preferential.  Describe any performance-based conditions, and any other material conditions, that are applicable to the award.  For purposes of the Table required by paragraph (d) of this Item and the narrative disclosure required by paragraph (e) of this Item, performance-based conditions include both performance conditions and market conditions, as those terms are defined in FASB ASC Topic 718; and

(d)     An explanation of the amount of salary and bonus in proportion to total compensation.

## WRONGFUL ACTS AND OMISSIONS

12.     On or about September 21, 2023, the Coty board of directors solicited its stockholders' proxies to vote, at their annual meeting on November 2, 2023, in favor of the election of the directors named therein, and in favor of the fiscal year 2023 compensation of Sue Nabi and that of the other Named Executive Officers (NEOs), identified in 17 C.F.R. § 229.402(a)(3), on a non-binding advisory basis, under § 14A of the Exchange Act, 15 U.S.C. § 78n-1 (the say-on-pay vote).

13.     Section 14(a) of the Exchange act makes it unlawful for any person to solicit or to permit the use of his name to solicit any proxy in contravention of the SEC's rules and regulations.

14.     SEC Rule 14a-9 forbids the solicitation of a proxy by means of a proxy statement containing materially false or misleading misrepresentations or omissions.

15.     SEC Rule 14a-3(a) requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A."  It is a violation of § 14(a) of the Exchange Act to misrepresent or to omit information specifically required by the SEC's rules and regulations.

16.     Because the 2023 Proxy Statement solicits action to be taken at the meeting for the election of directors, SEC Schedule 14A (Item 8(a)) requires the 2023 Proxy Statement to furnish the information required by SEC Reg. S-K (Item 402) concerning Director and Executive Compensation.

17.     SEC Reg. S-K (Item 402(c), (d) and (e) require strict compliance with the Summary Compensation Table, the Plan-Based Awards Table, and the Narrative, so that they can accomplish their stated purpose of helping stockholders understand how compensation components relate to each other and use the Tables to compare compensation from year to year and from company to company.  SEC

Release No. 8732A *Executive Compensation and Related Person Disclosure*, 2006 WL 2589711 at *21, et seq., (Sept. 8, 2006).

18.     This complaint challenges the Defendants' false or misleading 2023 annual meeting proxy statement and Coty's excessive remuneration of its CEO Sue Nabi, the magnitude of which demonstrates bad faith of the board under Delaware law.  As Shakespeare put it, wasteful and ridiculous excess.

19.     The total for Defendant Nabi for the three fiscal years 2021 through 2023 exceeds $600 million.  It exacerbates the confusing misdisclosures.  The components of this amount are:

(a)   $10 million in salary, more than $3 million per year;

(b)   $145,875,000 in stock awards in 2023;

(c)   $280,200,000 in stock awards in 2021;

(d)   $75,100,000 realized from vesting of stock awards in 2023;

(e)   $97,700,000 realized from vesting of stock awards in 2022.

The SEC says that it is material to consider the amounts realized from the vesting of stock awards.  SEC Release 8732A 2006 WL 2589711 at *45 n.288 ("This table will allow investors to have a picture of the amounts that a named executive officer realizes on equity compensation through its final stage."  "Commentators have noted a need for … disclosure of restricted stock vesting.").

20.     The amount of Defendant Nabi's remuneration is unreasonable under Delaware law, when measured against Coty's size, its success, and the remuneration of its other officers.  For 2023 and 2022, Coty's total assets were $12 billion with stockholders' equity of $3 billion.  For 2023, 2022 and 2021, Coty's net revenues were $5.5 billion, $5.3 billion, and $4.6 billion with net income (loss) of $523 million, $259 million, and ($201 million), for an aggregate net income of $581 million.  Under Delaware law the board did by way of excessive salaries and other devices, oust the minority of a fair return upon its investment.  Coty's remuneration of its other NEOs was approximately $12 million each for the fiscal years 2021 through 2023, or 50 times less that of Defendant Nabi.  Such numbers confirm that Defendant Nabi was not adding value to Coty, but rater extracting it.

21.     The 2023 Proxy Statement represents that in establishing NEO compensation it considers ten or eleven peer companies with a median of annual revenues of approximately $26.3 billion.  This peer group contains only four U.S. companies, i.e., Colgate-Palmolive, Ulta Beauty, Inc., Johnson & Johnson and Proctor and Gamble, the last two of which are much larger than Coty and pay their CEOs far less.  A Coty stockholder would require to conduct substantial research to understand the relevance of the non-U.S. peers, a task excused by the principles of the Exchange Act.

22.     The discussion of the peers in the 2023 Proxy Statement, has no relevance to the compensation of Defendant Nabi.  Instead as to her it represents:

> Sue Nabi. Under her employment agreement, Ms. Nabi is our Chief Executive Officer.  The employment agreement provides that her base salary, bonus opportunities and long-term incentive awards would be reviewed and set by the Board or a committee thereof.  Ms. Nabi is entitled to participate in benefits programs generally made available to similarly-situated senior officers as set forth in her employment agreement.  Ms. Nabi did not receive any additional compensation for her service as a director.  Ms. Nabi agreed to be bound by certain restrictive covenants for the benefit of the Company, including non-competition and non-solicitation restrictions that will continue in effect for 12 months following her employment with the Company.

The foregoing fails to comply with the disclosure requirements of Reg. S-K (Item 402.

23.     The 2023 Proxy Statement represents in the Summary Compensation Table that in fiscal 2023 it awarded CEO Sue Nabi stock-based compensation of $145,875,000 and in fiscal 2021 stock-based compensation of $280,200,000.  The Table of 2023 Grants of Plan-Based Awards represents that the 2023 Award was for 12,500,000 shares and that it was:

> An award for Ms. Nabi on May 4, 2023 of 10,416,667 RSUs, with graded vesting over five years, subject to certain vesting conditions and exceptions, and an award of 2,083,333 of PRSUs which will fully vest on September 1, 2026 subject to the achievement of three-year performance objectives to be determined by the Board and subject to Ms. Nabi's continued employment.  Performance objectives for such PRSUs are expected to be determined by the Board in the first quarter of fiscal 2024.  See "Compensation Discussion and Analysis – Fiscal Year 2023 Compensation Decisions and Structure – Fiscal Year 2023 Long-Term Equity Compensation".

The foregoing fails to comply with the disclosure requirements of Reg. S-K (Item 402).

## COUNT I

### (Exchange Act Violations in the Election of Directors Proposal)

24.    Count I incorporates all of the above paragraphs as if stated herein. The above paragraphs state a direct claim for relief against Defendants under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

25.    As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law.  She will suffer irreparable harm in the form of an uninformed vote on the election of directors if no action is taken to ameliorate this harm.

26.    Amelioration of the injury requires injunctive relief required in the form of an amended proxy statement that provides the information required by SEC Schedule 14A (Item 8(a)), SEC Reg. S-K (Item 402).

27.    Consequently, the Court should enjoin Defendants from presenting the election of directors' proposal for a stockholder vote at the March 10, 2023 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Coty stockholder in connection with this proposal.

## COUNT II

**(Derivative Action to Recover Excess Compensation of Coty's CEO Sue Nabi)**

28.    Count II incorporates all of the above paragraphs as if stated herein.
To the extent the above paragraphs allege over and/or excessive compensation of
the CEO, they state a stockholder's derivative claim for relief on behalf of Coty
against the individual defendants for breach of their fiduciary duties.

29.    This derivative action is not a collusive one to confer jurisdiction that
the court would otherwise lack.

30.    Plaintiff made no pre-suit demand to obtain the desired action from
the Coty directors because such demand is excused as futile.  The 2023 Proxy
Statement represents that the CEO's base salary, bonus opportunities and long-
term incentive awards would be reviewed and set by Coty's board of directors or a
committee thereof, but it does not disclose the procedures whereby this is done.

31.    The eleven person Coty board has two standing committees, the Audit
and Finance Committee (the AFC) and the Remuneration and Nomination
Committee (the RNC).  The members of the RNC are Defendants Maria Asuncion
Aramburuzabala Larregui, Beatrice Ballini and Anna Makanju. The members of
the AFC are Defendants Johannes P. Huth, Isabelle Parize and Robert Singer.
They and Defendant Sue Nabi are a majority of the board of directors.  The 2023
Proxy Statement represents that the RNC and the AFC operate under governing

instruments including charters, which the members and Coty have not publicly disclosed.  Stockholders can only obtain copies of these instruments by contacting the investor relations personnel in the Empire State Building.   Under the principles of the Exchange Act, they are, therefore, not publicly disclosed or available.

32.     The 2023 Proxy Statement represents that the RNC has unspecified responsibilities relating to the remuneration of the CEO, and the AFC pre-approves certain unspecified types of executive officer compensation.  The 2023 Proxy Statement is a model of obscurity as to what the full board does concerning the CEO's remuneration.

33.     For Rule 23(b)(3) of the Federal Rules of Civil Procedure, all the directors have acted in bad faith in approving the CEO's remuneration, the magnitude of which, on its face, is irrationally excessive.  That, combined with the hopelessly confusing disclosures of it, expose all of the directors to a very real substantial risk of liability for breach of their fiduciary duty of good faith and loyalty to Coty.

34.     Delaware law imposes fiduciary duties of loyalty and good faith upon the corporate CEO not to take remuneration of excessive magnitude.  Defendant Sue Nabi breached those duties and bears a substantial risk of liability to Coty as a result.

35.     As a result of these actions, the Plaintiff was injured, and she has no adequate remedy at law.

36.     Coty should recover damages against the individual defendants.

## JURY DEMAND

37.     Plaintiff demands trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

A.     Disclosure of the CEO's 2021-2023 compensation required in 17 C.F.R. § 229.402;

B.     Reduction of Sue Nabi's remuneration to a reasonable amount;

C.     Damages from the individual defendants in favor of Coty for the excessive compensation of the CEO;

D.     An award of plaintiff's attorneys' fees to its counsel and expenses for accountants and other experts; and

E.      Such other and further relief, whether similar or different, as is just,

equitable, or proper.

Dated:  October 9, 2023                        **BARRACK, RODOS & BACINE**

                                               By: */s/ A. Arnold Gershon*
                                                       A. Arnold Gershon
                                                       640 Eighth Avenue, 10th Fl.
                                                       New York, NY  10036
                                                       Tel.: (212) 688-0782
                                                       Fax: (212) 688-0783
                                                       Cell: (917) 621-7998
                                                       Email: agershon@barrack.com

                                               *Attorneys for Plaintiff*

## VERIFICATION OF CATHY BUCH

I, Cathy Buch hereby declare:

1.      I am a stockholder of Defendant Coty Inc. in the annexed complaint, and I am the Plaintiff in the action.

2.      I have read the annexed Complaint prepared by my counsel, Barrack, Rodos & Bacine, and know the contents thereof. The statements in the Complaint as to me and my actions are true and correct, and as to all other allegations are true and correct to the best of my belief and knowledge.

3.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  October 7, 2023                         _Cathy Buch_____
                                                        CATHY BUCH